1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ELADIO FLORES,                              No.  2:24-CV-0910-TLN-DMC

12                    Plaintiff,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   FEDERAL BUREAU OF
     INVESTIGATION,
15
                      Defendant.
16

17

18            Plaintiff, who is proceeding pro se and in forma pauperis, brings this civil action.

19   Pending before the Court is Plaintiff's first amended complaint, filed as of right on April 8, 2024.

20   See ECF No. 5.

21            The Court is required to screen complaints brought by litigants who, as here, have

22   been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this

23   screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25   from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B).

26   Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an

27   action if the Court determines that it lacks subject matter jurisdiction.  Pursuant to Rule 12(h)(3),

28   the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

                                              1

1   The Court finds that the claims presented in Plaintiff's complaint are frivolous and

2   will recommend that the action be dismissed with prejudice.

3   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4   See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5   (9th Cir. 1984).  When applied to a complaint, the term "frivolous" embraces both the inarguable

6   legal conclusion and the fanciful factual allegation.  See Neitzke, 490 U.S. at 325.  The Court

7   may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal

8   theory or where the factual contentions are clearly baseless.  Id. at 327.  The critical inquiry is

9   whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual

10   basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

11   The Court need not accept the allegations in the complaint as true, but must determine whether

12   they are fanciful, fantastic, or delusional.  See Denson v Hernandez, 504 U.S. 25, 33 (1992)

13   (quoting Neitzke, 490 U.S. at 328).

14   Here, Plaintiff invokes various federal labor laws, apparently asserting that he was

15   some form of employee of the Federal Bureau of Investigation between 2017 and 2020, and

16   claims entitlement to hundreds of trillions of dollars in amounts owed.  More specifically,

17   Plaintiff claims he is owed $96,000,000,000 as a "sign-on bonus."  ECF No. 5, pg. 4.  Plaintiff

18   further claims his "annual pay" was $166,666,666,666.  Id.  Additionally, Plaintiff seeks

19   $4,000,000,000,000 for what he labels "application."  Id. at 5.  According to Plaintiff, on April

20   10, 2024, the "Finance Manage" of the United States confirmed with the Supreme Court that

21   these amounts were owed and congratulated Plaintiff on his employment.  Id.  Plaintiff states that

22   these amounts are "highly due" because he was the sole federal agent assigned to seven states

23   despite there being thousands of police officers in those states, and that he "almost died 29 times."

24   Id. at 6.  Finally, Plaintiff claims entitlement to $100,000,000,000,000 from a "Slavery Court"

25   case.  Id. at 12.

26   / / /

27   / / /

28   / / /

2

1    The Court finds that there is no arguable basis in law or fact to support Plaintiff's
2  claim that he is entitled to hundreds of trillions of dollars in compensation, or any form of
3  compensation from the federal government.

4    Because it does not appear possible that the deficiencies identified herein can be
5  cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of
6  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

7    Based on the foregoing, the undersigned recommends that this action be dismissed
8  with prejudice.

9    These findings and recommendations are submitted to the United States District
10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
11  after being served with these findings and recommendations, any party may file written objections
12  with the Court.  Responses to objections shall be filed within 14 days after service of objections.
13  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.
14  Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16  Dated:  August 27, 2024

17  _____
18  DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28

3